BECKWITH, Senior District Judge,
concurring in part and dissenting in part.
I concur in the majority’s disposition of King’s appeal with respect to his retaliation claims against Defendants Singleton and Berghuis. I also agree with the majority that no liability should attach to Defendants Chaffee and Zamiara for backdating a new security screen to indicate that King’s transfer should include a security level increase. I believe, however, that the majority’s causation analysis with respect to King’s claims against Defendant *711 Wells and Chaffee and Zamiara for increasing his security level is flawed and omits a crucial piece of testimony that came from King himself.
Briefly summarized, the chain of events in this case was that Wells requested that King be transferred to another unit within Brooks, allegedly for engaging in disruptive and manipulative behavior. Instead of transferring King within the institution, Deputy Warden Harry instructed Chaffee to transfer King to another Level II institution. Chaffee actually made arrangements to transfer King to another Level II institution, but had to receive authorization from the Central Office to complete the transfer. Chaffee requested approval for the transfer from Zamiara, and Zamiara, seeing that one of the reasons for the request was that King was instigating other prisoners, sought and obtained approval to increase King’s security level. Zamiara then instructed Chaffee to increase King’s security level and transfer him to a level III institution.
First, assuming that the district judge’s conclusion that Wells did not bear any retaliatory animus toward King was clearly erroneous, Wells only requested that King be transferred within the institution. The majority seems to agree that transferring King within the institution would not have constituted an adverse action. Majority opinion at 698 (‘Wells nominally asked for a transfer.”). The majority then summarily concludes that “an increase in security was nonetheless a reasonably foreseeable consequence of the allegations in her Memo.” Id. The majority cites no evidence in the record to support this conclusion, however, because there is none. If Wells’s memo was supposed to have contained code words she knew would result in an increase in King’s security level, they did not register with Deputy Warden Harry because she directed Chaffee to transfer King to another Level II institution. A transfer to another institution at the same security level would not have been an adverse action. Friedmann v. Corrections Corp. of Am., 11 Fed.Appx. 467, 471 (6th Cir.2001). In any event, since Harry apparently did not believe that Wells’s memo was alarming enough to recommend increasing King’s security level, I cannot conclude that it was reasonably foreseeable to Wells that a security level increase would result from her memo.
Second, and this is the crucial evidence the majority fails to mention, King testified that he does not believe that Harry retaliated against him. Trial Trans. (Vol.I) at 112 (“I didn’t bring suit against the deputy warden, Shirlee Harry, because even though her signature was on stuff, I don’t believe she had malice in her heart, and as the testimony and the depositions have proven, she didn’t.”). In my view, King’s admission that Harry did not intend to retaliate against him makes her request to transfer King to another institution the intervening cause of his security level increase, and absolves Wells from liability for any retaliatory motive she had in requesting King’s transfer in the first instance. Stated another way, since King failed to prove that it was reasonably foreseeable to Wells that her memo would result in an increase in King’s security level, Harry’s direction to Chaffee to transfer King to another institution became the “but for” cause of the adverse action because Zamiara’s actions were based on the transfer request that Chaffee made at Harry’s direction. If Harry did not intend to retaliate against King — and he admits she did not — then her directive to Chaffee to transfer King cannot have been retaliatory. Moreover, Harry only requested a “break” from King due in part to his litigious activities, which was perfectly appropriate under the law of this *712 Circuit. Ward v. Dyke, 58 F.3d 271, 274 (6th Cir.1995).
This last point is especially important to analyzing causation with respect to Chaffee and Zamiara. Chaffee testified that in requesting approval for the transfer from Zamiara, he essentially repeated verbatim the reasons for the transfer given to him by Deputy Warden Harry. Trial Trans. (Vol.I) at 140-42, 150-51. As just stated, Harry’s directive to transfer King to another Level II institution in order to give the staff a break was facially legitimate. King produced no evidence that Chaffee knew or should have known that he was not actually instigating other prisoners to defiance. Indeed, King’s trial counsel elicited from Chaffee on direct examination that he did not have any first hand knowledge whether King was instigating other prisoners. Trial Trans. (Vol.1) at 139. Thus, King failed to show that Chaffee knew or should have known that the reasons Harry gave him for the transfer were false or given for retaliatory reasons. Therefore, King failed to prove that in facilitating his transfer, Chaffee acted with retaliatory intent. Thaddeus-X v. Blatter, 175 F.3d 378, 393 (6th Cir.1999) (holding a subordinate will be liable under § 1983 for following a superior’s orders if he knew or should have known his acts were violating plaintiffs constitutional rights). Indeed, Chaffee cannot have known of any retaliatory motive for the transfer since King admits that Harry had no such motive. Consequently, the only logical conclusion that can be reached is that Chaffee in fact did not intend to retaliate against King when he relayed Harry’s reasons for the transfer to Zamiara.
The causation analysis is much the same for Zamiara. Zamiara received an email from Chaffee requesting a transfer which indicated that the prisoner was instigating other prisoners to disobedience. Zamiara is even further removed from the situation than Chaffee. Zamiara testified that the indication that King was instigating prisoners caused him to request an increase in King’s security level. Trial Trans. (Vol.II) at 183-84. King produced no evidence that Zamiara knew or should have known that the reasons Chaffee gave him for requesting King’s transfer were false or retaliatory. Indeed, the majority specifically recognizes that Zamiara’s sole source of information about King’s alleged conduct came from Chaffee’s email. Majority Opinion at 708-09. If Chaffee’s email was not tainted with retaliatory animus — and the evidence clearly shows that it was not — then Zamiara’s reliance on the information in the email to increase King’s security level cannot have been retaliatory.
The lack of retaliatory motive from Zamiara then flows back down to Chaffee, who changed King’s security level at Zamiara’s direction. If Zamiara did not intend to retaliate against Chaffee by increasing his security level, Chaffee cannot be held liable for retaliation when he followed Zamiara’s directive to do so. Moreover, even if Zamiara did intend to retaliate against King, King produced no evidence that Chaffee knew or should have known that Zamiara was retaliating against King by increasing his security level. Furthermore, contrary to the majority’s analysis, it is inconsequential that Chaffee admitted in his deposition that normally security level increases are punitive since King failed to show that Chaffee knew or should have known that the alleged punitive measure was related to his protected activity. Consequently, Chaffee cannot be liable for retaliation for following Zamiara’s direction to increase King’s security level.
In short, in my opinion the record rather indisputably shows that although Chaffee and Zamiara may have relied on false or *713 inaccurate information in transferring King and increasing his security level, they did so in good faith and -without retaliatory motive. Even if Wells did intend to retaliate against King when she requested that he be transferred to another unit within Brooks, King failed to prove that it was reasonably foreseeable to Wells that a security level increase would result from her actions.
For all of these reasons, the district court’s judgment should be affirmed in toto. Accordingly, I respectfully dissent from the Court’s opinion to the extent it reverses the district court’s judgment as to Defendants Wells, Chaffee, and Zamiara.